**Rule 219.     Annual registration of attorneys.**

(a)     Every attorney admitted to practice law in this Commonwealth shall pay an annual fee of $125.00 and **electronically** file the annual fee form provided for in this rule **by July 1**.   The fee shall be collected under the supervision of the Attorney Registration Office, which shall **make [send or cause to be sent to every attorney, except an attorney who has elected to file the form electronically,]** the annual fee form **available for filing through a link on the Board's website (http://www.padisciplinaryboard.org) or directly at https://ujsportal.pacourts.us. [The Attorney Registration Office shall transmit to those attorneys who have elected to file the form electronically a notice by e-mail to register by July 1. Failure to receive the annual fee form by mail or electronically shall not excuse payment of the fee.]** The said fee shall be used to defray the costs of disciplinary administration and enforcement under these rules, and for such other purposes as the Board shall, with the approval of the Supreme Court, from time to time determine. **Upon an attorney's written request submitted to the Attorney Registration Office and for good cause shown, the Attorney Registration Office shall grant an exemption from the electronic filing requirement and permit the attorney to file the annual fee form in paper form.**

> **Note:  Pa.R.P.C. 1.15(u) imposes an additional annual fee for use by the IOLTA Board, and Pa.R.D.E. 502(b) imposes an additional annual fee for use by the Pennsylvania Lawyers Fund for Client Security.**

* * *

(c)     On or before May 15 of each year**,** the Attorney Registration Office shall transmit to all attorneys required by this rule to pay an annual fee **[except those attorneys who have elected electronic filing, a form required by subdivision (d) of this rule.  On or before May 15 of each year subsequent to the year in which an attorney elects electronic filing, the Attorney Registration Office shall transmit to such attorney]** a notice by e-mail to register **electronically** by July 1.  **Failure to receive notice shall not excuse the filing of the annual fee form or payment of the annual fee.**

(d)     On or before July 1 of each year, all attorneys required by this rule to pay an annual fee shall **electronically** file with the Attorney Registration Office **[a signed or] an** electronically endorsed form prescribed by the Attorney Registration Office in accordance with the following procedures:

(1)     The form shall set forth:

* * *

(ii)     The current **e-mail,** residence and office addresses of the attorney, **[each] the latter two** of which shall be an actual street address

or rural route box number**[, and the]. The** Attorney Registration Office shall refuse to accept a form that sets forth only a post office box number for either **[required] the residence or office** address. A preferred mailing address different from those addresses may also be provided on the form and may be a post office box number. The attorney shall indicate which of the addresses, the residence, office or mailing address, as well as telephone and fax number will be accessible through the website of the Board (http://www.padisciplinaryboard.org**[/])** and by written or oral request to the Board. Upon an attorney's written request submitted to the Attorney Registration Office and for good cause shown, the contact information provided by the attorney will be nonpublic information and will not be published on the Board's website or otherwise disclosed.

> Note: Public web docket sheets will show the attorney's address as entered on the court docket.

* * *

(viii) Whether the attorney is covered by professional liability insurance on the date of registration in the minimum amounts required by Rule of Professional Conduct 1.4(c). Rule 1.4(c) does not apply to attorneys who do not have any private clients, such as attorneys in full-time government practice or employed as in-house corporate counsel.

> Note: The Disciplinary Board will make the information regarding insurance available to the public upon written or oral request and on its website. The requirement of Rule 219(d)(3) that every attorney who has filed an annual fee form **[or elects to file the form electronically]** must **[notify] give written notice to** the Attorney Registration Office of any change in the information previously submitted within 30 days after such change will apply to the information regarding insurance.

* * *

(2) Payment of the annual fee shall **be made in one of two ways: a) electronically by credit or debit card at the time of electronic transmission of [accompany]** the form **through the online system of the Attorney Registration Office, which payment shall include a nominal fee to process the electronic payment; or b) by check or money order drawn on a U.S. bank, in U.S. dollars using a printable, mail-in voucher**. IOLTA, trust, escrow and other fiduciary account checks tendered in payment of the annual fee will not be accepted. If the **annual fee** form**, voucher [and] or** payment **[are] is** incomplete or if a check in payment of the annual fee has been returned to the Board unpaid, the annual fee shall not be deemed to have been paid until a

collection fee, and one or both of the late payment penalties prescribed in subdivision (f) of this rule if assessed, shall also have been paid. The amount of the collection fee shall be established by the Board annually after giving due regard to the direct and indirect costs incurred by the Board during the preceding year for checks returned to the Board unpaid.

(3)     Every attorney who has filed the form **[or elects to file the form electronically]** shall notify the Attorney Registration Office in writing of any change in the information previously submitted, including e-mail address, within 30 days after such change, which notice shall be sent by mail or facsimile transmission, provided, however, that any change in the information required by subsections (d)(1)(iii), (iv) and (v) (collectively relating to financial account information) that occurs after the filing of the form required by subdivisions (a) and (d)(1) of this rule need only be reported on the next regular annual fee form due July 1. **Attorneys must promptly ensure that IOLTA accounts are properly enrolled with the Pennsylvania IOLTA Board pursuant to the applicable IOLTA regulations.** Failure to timely register and file the next annual fee form shall not excuse this subsection's requirement of reporting changes in financial account information on an annual basis on or before July 1, and failure to make such a report shall constitute a violation of this rule.

* * *

**(5)     Submission of the annual fee form through electronic means signifies the attorney's intent to sign the form. By submitting the form electronically, the attorney certifies that the electronic filing is true and correct.**

> **Note: Subsection (5) of subdivision (d) incorporates the language of *In Re: Provisions for Electronic Filing of Attorney Registration Statements*, No. 99 Disciplinary Rules Docket (Pa. Supreme Court, April 13, 2011).**

* * *

(g)     The Attorney Registration Office shall provide to the **[Board] Office of the** Secretary a copy of any certification filed by the Attorney Registration Office with the Supreme Court pursuant to the provisions of this rule.

(h)     **An attorney who has been administratively suspended pursuant to subdivision (f) for three years or less is not eligible to file the annual fee form electronically.** The procedure for reinstatement **[of an attorney who has been administratively suspended pursuant to subdivision (f) for three years or less]** is as follows:

3

(1)     The formerly admitted attorney shall submit to the Attorney Registration Office the form required by subdivision (d)(1) along with payment of:

        (i)     the current annual fee;

        (ii)     the annual fee that was due in the year in which the attorney was administratively suspended;

        (iii)     the late payment penalties required by paragraph (3);

        (iv)     any unpaid collection fee; **and**

        (v)     a reinstatement fee of $300.00.

(2)     Upon receipt of the annual fee form, a verified statement showing compliance with Enforcement Rule 217 (relating to formerly admitted attorneys), and the payments required by paragraph (1), the Attorney Registration Office shall so certify to the **[Board]** <u>Office of the</u> Secretary and to the Supreme Court. Unless the formerly admitted attorney is subject to another outstanding order of suspension or disbarment or the order has been in effect for more than three years, the filing of the certification from the Attorney Registration Office with the Prothonotary of the Supreme Court shall operate as an order reinstating the person to active status.

\* \* \*

(i)     Retired Status: An attorney who has retired **[shall]** <u>must</u> file **by mail or deliver in person** **[with]** <u>to</u> the Attorney Registration Office an application for retirement **and payment of any applicable late fees or penalties pursuant to subdivision (f)**.     Upon the transmission of such application from the Attorney Registration Office to the Supreme Court, the Court shall enter an order transferring the attorney to retired status, and the attorney shall no longer be eligible to practice law. The retired attorney will be relieved from **[the]** payment of the <u>annual</u> fee imposed by this rule upon active practitioners and Enforcement Rule 217 (relating to formerly admitted attorneys) shall not be applicable to the formerly admitted attorney unless ordered by the Court in connection with the entry of an order of suspension or disbarment under another provision of these rules. An attorney on retired status for three years or less may be reinstated in the same manner as an inactive attorney, except that the retired attorney shall pay the annual active fee for the three most recent years or such shorter period in which the attorney was on retired status instead of the amounts required to be paid by an inactive attorney seeking reinstatement. The Chief Justice may delegate the processing and entry of orders under this subdivision to the Prothonotary.

4

(j)     Inactive Status: An attorney who is not engaged in practice in Pennsylvania, has sold his or her practice pursuant to Rule 1.17 of the Pennsylvania Rules of Professional Conduct, or is not required by virtue of his or her practice elsewhere to maintain active licensure in the Commonwealth may request inactive status or continue that status once assumed. The attorney shall be removed from the roll of those classified as active until and unless such inactive attorney makes a request under paragraph (2) of this subdivision (j) for an administrative return to active status and satisfies all conditions precedent to the grant of such request; or files a petition for reinstatement under subdivision (d) of Enforcement Rule 218 (relating to procedure for reinstatement of an attorney who has been on inactive status for more than three years, or who is on inactive status and had not been on active status at any time within the prior three years) and is granted reinstatement pursuant to the provisions of that Enforcement Rule.

(1)     An inactive attorney under this subdivision (j) shall continue to file the annual form required by subdivision (d)**, shall file the form through the online system identified in subdivision (a),** and shall pay an annual fee of $70.00 **in the manner provided in subdivision (d)(2)**.  Noncompliance with this provision will result in the inactive attorney incurring late payment penalties, incurring a collection fee for any check in payment that has been returned to the Board unpaid, and being placed on administrative suspension pursuant to and in accordance with the provisions of subdivision (f) of this rule.

(2)     Administrative Change in Status from Inactive Status to Active Status:  An attorney on inactive status may request **a** resumption of active status **[on a]** form **[provided by] from** the Attorney Registration Office.  **The form must be filed by mail or delivered in person to the Attorney Registration Office.**  Resumption of active status shall be granted unless the inactive attorney is subject to an outstanding order of suspension or disbarment, unless the inactive attorney has sold his or her practice pursuant to Rule 1.17 of the Pennsylvania Rules of Professional Conduct (see Enforcement Rule 218(h)), unless the inactive status has been in effect for more than three years, or unless the inactive attorney had not been on active status at any time within the preceding three years (see Enforcement Rule 218(h)), upon the payment of:

(i)     the active fee for the assessment year in which the application for resumption of active status is made or the difference between the active fee and the inactive fee that has been paid for that year; and

(ii)     any collection fee or late payment penalty that may have been assessed pursuant to subdivision (f), prior to the inactive attorney's request for resumption of active status.

* * *

(k)     Administrative Change in Status From Administrative Suspension to Inactive Status: An inactive attorney who has been administratively suspended for failure to file the annual form and pay the annual fee required by subdivision (j)(1) of this rule, may request an administrative change in status **[to inactive status]** <u>form from the Attorney Registration Office</u>. **The form must be filed by mail or delivered in person to the Attorney Registration Office and said Office** **[The Attorney Registration Office]** shall change the status of an attorney eligible for inactive status under this subdivision upon receipt of:

      (1)     the annual form required by subdivision (d);

      (2)     payment of the annual fee required by subdivision (j)(1);

      (3)     payment of all collection fees and late payment penalties assessed under subdivisions (d)(2) and (f); and

      (4)     payment of an administrative processing fee of $100.00.

\* \* \*

(l)     The Board shall transmit by certified mail**[, return receipt requested,]** to every attorney who fails to pay any expenses taxed pursuant to Enforcement Rule 208(g) (relating to costs), addressed to the last known address of the attorney, a notice stating:

      (1)     That unless the attorney shall pay all such expenses within 30 days after the date of the notice, such failure to pay will be deemed a request to be administratively suspended, and at the end of such period the name of the attorney will be certified to the Supreme Court, which will enter an order administratively suspending the attorney.

      (2)     That upon entry of the order of administrative suspension, the attorney shall comply with Enforcement Rule 217 (relating to formerly admitted attorneys), a copy of which shall be enclosed with the notice.

\* \* \*

(n)     A former or retired justice or judge who is not the subject of an outstanding order of discipline affecting his or her right to practice law and who wishes to resume the practice of law shall file with the Attorney Registration Office a notice in writing **[to that effect]**. The notice shall:

      **[(i)]** <u>**(1)**</u>     describe:

6

**[(A)] (i)**     any discipline imposed within six years before the date of the notice upon the justice or judge by the Court of Judicial Discipline;

**[(B)] (ii)**     any proceeding before the Judicial Conduct Board or the Court of Judicial Discipline settled within six years before the date of the notice on the condition that the justice or judge resign from judicial office or enter a rehabilitation program; **and**

**[(ii)] (2)**     include a waiver **available through the Attorney Registration Office and signed** by the justice or judge**,** if the notice discloses a proceeding described in **[paragraph (i)] subsection (1)**, of the confidentiality of the record in that proceeding for the limited purpose of making the record available to the Board in any subsequent proceeding under these rules**[;] .**

**[(iii) be accompanied by payment of the full annual fee for the assessment year in which the notice is filed.]**

**An annual fee form will be provided by the Attorney Registration Office.  The form must be filed by mail or delivered in person to said Office and be accompanied by payment of the full annual fee for the assessment year in which the notice is filed.**